AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
ANTONIO GONZALEZ-VILLAGOMEZ

*Defendant(s)*

Case No. 6:26-mj- 2114

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 23, 2026 in the county of Brevard in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Lacey E. O'Neal, Border Patrol Agent, DHS

*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/24/2026

City and state: Orlando, Florida

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**STATE OF FLORIDA** **CASE NO. 6:26-mj-** 2114

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 07, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On September 23, 2026, Border Patrol Agents (BPAs) from the Orlando Border Patrol Station were contacted by a trooper from the Florida Highway Patrol (FHP) in reference to the defendant, Antonio GONZALEZ-VILLAGOMEZ. GONZALEZ-VILLAGOMEZ was a passenger of a vehicle the FHP trooper conducted a traffic stop on due to a registration violation on Interstate 95 southbound at mile marker 180 in Melbourne, Florida[1]. At this time, identification was requested of all occupants of the vehicle. GONZALEZ-VILLAGOMEZ provided the FHP trooper with a Mexican Passport as identification. The FHP trooper contacted the Orlando Border Patrol Station for further assistance.

4. Border Patrol Agents (BPAs) at the Orlando Border Patrol Station conducted CBP record checks on GONZALEZ-VILLAGOMEZ's biographical information from his Mexican Passport and confirmed that GONZALEZ-VILLAGOMEZ is a citizen and national of Mexico with no lawful immigration status in the United States. He also has an Alien File Number (A XXX XXX 864), which contains his immigration history. This information was relayed to the Trooper who advised that they would transport GONZALEZ-VILLAGOMEZ to BPAs in the area. The awaiting BPAs identified themselves as United States Border Patrol Agents and informed GONZALEZ-VILLAGOMEZ that he was being placed under arrest for being in the United States illegally. GONZALEZ-VILLAGOMEZ was then transported to the Orlando Border Patrol Station for fingerprinting and further processing. GONZALEZ-VILLAGOMEZ was fingerprinted and on September 23,

[1] Melbourne is in Brevard County, within the Middle District of Florida.

2026, the CBP database indicated a match of the known fingerprints to GONZALEZ-VILLAGOMEZ's immigration file.

5. Documents in the alien file also show that on January 28, 2000, GONZALEZ-VILLAGOMEZ was ordered deported/removed from the United States to Mexico by an Immigration Judge after being arrested for Aggravated Battery Upon Pregnant Person. GONZALEZ-VILLAGOMEZ was physically removed from the United States to Mexico through Laredo, Texas on February 14, 2000.

6. There is no record of GONZALEZ-VILLAGOMEZ ever applying to or receiving consent of the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after GONZALEZ-VILLAGOMEZ's prior deportation/removal.

7. Based on the foregoing, I believe that there is probable cause that on September 23, 2026, Antonio GONZALEZ-VILLAGOMEZ was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my Affidavit.

____________________________
Lacey E. O'Neal,
Border Patrol Agent

Affidavit submitted by email and
attested to me as true and accurate
via video conference and/or telephone
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), before me this 24th
day of September, 2026.

____________________________
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE